# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN M. ADAMS, an individual;<br>JANAKA S. ADAMS, an individual,<br><br>                              Plaintiffs,<br><br>    vs.<br><br>AMERICAN MORTGAGE NETWORK, INC., a Delaware Corporation; WACHOVIA BANK, N.A., an entity of unknown form; BARCLAYS CAPITAL REAL ESTATE INC., dba HOMEQ SERVICING, a Delaware Corporation; COUNTRYWIDE HOME LOANS, INC., a New York Corporation; T.D. SERVICE COMPANY, an entity of unknown form; and DOES 1-10, inclusive,<br><br>                              Defendants. | CASE NO. 09cv0340-LAB (JMA)<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS** |

This case is once again before the Court on a motion to dismiss, although now only two causes of action and two defendants remain. The Court went through the facts the first time around, and there is no need to repeat them here.

## I.   Rescission

Wachovia argues that the Adams' rescission claim fails "for failure to allege a tender." (Doc. No. 28-1, p. 5.) Wachovia made this argument in its first motion to dismiss, and the Court rejected it, warning Mr. and Mrs. Adams nonetheless that their rescission claim would

ultimately fail "if they cannot allege and demonstrate an ability to tender the principal balance [on the loan]." (Doc. No. 24, p. 7.) *Yamamoto v. Bank of New York* informed the Court's judgment at the time, holding as it did that a district court has *discretion* to condition rescission of a loan upon tender by the borrower. *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171 (9th Cir. 2003).

A survey of recent case law, however, confirms that, at a minimum, a claim for rescission of a loan must be supported by the allegation that the borrower can tender the loan proceeds. *See, e.g.*, *Ambriz v. Equifirst Corp.*, No. 09-cv-2387, 2010 WL 2754248 at *3 (S.D. Cal. July 9, 2010); *Cook v. Wells Fargo Bank*, No. 09-cv-2757, 2010 WL 2724270 at *3–4 (S.D. Cal. July 7, 2010); *Greetis v. Nat'l City Mortgage*, No. 09-cv-1502, 2010 WL 695536 at *5 (S.D. Cal. Feb. 24, 2010)*; Chen v. PMC Bancorp*, No. 09-cv-2704, 2010 WL 596421 at *4 (S.D. Cal. Feb. 16, 2010); *Quintero Family Trust v. OneWest Bank, F.S.B.*, No 09-cv-1561, 2010 WL 392312 at *4 (S.D. Cal. Jan. 27, 2010) (holding that where facts alleged are egregious, pleading a readiness to tender if rescission claim is successful will suffice).

Mr. and Mrs. Adams argue that "there are also numerous lower court decisions where the courts have not required the borrower to allege an ability to tender in order to state a cause of action under TILA," but the cases they cite are not exactly on point. Two of them, for example, hold that a borrower needn't plead that he or she has *actually tendered* the proceeds of a loan in order to state a claim for rescission. *See, e.g.*, *Harrington v. Home Capital Funding, Inc.*, No. 08-cv-1579, 2009 WL 514254 at *3 (S.D. Cal. Mar. 2, 2009); *Marcelos v. Dominguez*, No. 08-cv-0056, 2008 WL 1820683 at *4 (N.D. Cal. Apr. 21, 2008). Another holds that contesting a borrower's ability to pay can't defeat a rescission claim on a motion to dismiss. *See Cosio v. Simental*, No. 08-cv-6853, 2009 WL 201827 at *3 (C.D. Cal. Jan. 27, 2009). And yet another holds, similar to *Cosio*, that it is unnecessary to *demonstrate* an ability to tender to maintain a rescission claim. *See Horton v. California Credit Corp. Retirement Plan*, No. 09-cv-274, 2009 WL 700223 at *5 (S.D. Cal. Mar. 16, 2009).

The case law, which by now is voluminous given the recent torrent of foreclosure cases, is firmly on the side of Wachovia. To maintain a claim for rescission, Mr. and Mrs. Adams must allege that they can repay what they borrowed. They don't.[1] Their rescission claim is therefore dismissed, again, and, once more, with leave to amend. The Court need not consider, for now, Wachovia's argument that the Adams' rescission claim is time-barred.

## II.     American Mortgage Network

Mr. and Mrs. Adams continue to include American Mortgage Network in their lawsuit even though it's rather clear that the loan now at issue was assigned by AMN to Wachovia. In their original complaint, Mr. and Mrs. Adams alleged as much: "Plaintiffs are informed and believe and thereon allege that at some time after June 29, 2005, defendants WACHOVIA and/or DOE '1' became and are currently the owner(s)/holder(s) of the note for the First Loan." (Compl. ¶ 18.) In their amended complaint, Mr. and Mrs. Adams backpedal a little, claiming to not know for certain who holds the loans:

> Plaintiffs are not fully aware of the identify [sic] of the current owner(s)/note holder(s) for the First Note and the Second Note. AMN may currently be the owner(s)/note holder(s) of either one or both of the notes. If AMN is not the current owner/note holder, Plaintiffs are informed and believe and thereon allege that at some time after June 29, 2005, defendants WACHOVIA and or DOE '1' became and are currently the owner(s)/holder(s) of the note for the First Loan.

(FAC ¶ 19.) The Court isn't sure what to make of this, but if Mr. and Mrs. Adams sincerely believe AMN may hold their loan, even though Wachovia basically concedes *it* does, and even though they sent a rescission notice to a nominee for Wachovia Bank (*see* FAC ¶ 21), the Court won't dismiss AMN from this lawsuit. Mr. and Mrs. Adams, did, after all, also send the very same rescission notice and qualified written request to AMN that they sent to Wachovia's nominee, and on the same day. (*See* FAC Ex. C-1, C-2.)

//
//

---

[1] They arguably allege an ability to tender in their cause of action for quiet title, but the language and location of that allegation is inadequate for the purpose of maintaining the rescission cause of action. (*See* FAC ¶ 40.)

**III.   Quiet Title**

When the Court previously dismissed Mr. and Mrs. Adams' quiet title claim, it noted, among other things, that the claim requires a verified complaint.  *See* Cal. Code Civ. P. § 761.020.  The FAC isn't verified.  The quiet title claim is therefore dismissed, again.  It was dismissed the first time chiefly because Mr. and Mrs. Adams failed to allege an ability to tender, and the Court isn't satisfied with their attempt to do so in the FAC, either: "Plaintiffs are informed and believe and thereon allege that upon determination of the identity of current owner(s)/note holder(s) of the First Note and Second Note and a determination of the correct amount required to be tendered, Plaintiffs can tender."  The ability to tender needn't be couched in legalese and vague assertions.  *See Cook*, 2010 WL 2724270 at *4.  The Court will allow Mr. and Mrs. Adams one more opportunity to amend, but these defects must be cured.

**IV.   Conclusion**

Mr. and Mrs. Adams' claims for rescission and quiet title are dismissed for a second time, without prejudice and with leave to amend.  This will be the last such dismissal.  This is not a complicated case.  If the defects in the FAC are not cured in the Adams' second amended complaint, it will be dismissed with prejudice and without leave to amend.  The Court notes that Wachovia did not address the claim for damages based on its alleged failure to respond to the rescission notices, but because the damages claim is linked factually to the rescission claim, the Court presumes Wachovia will address it in a future motion to dismiss.

**IT IS SO ORDERED**.

DATED: July 30, 2010

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge