# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN M. ADAMS, an individual; JANAKA S. ADAMS, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICAN MORTGAGE NETWORK, INC., a Delaware Corporation; WACHOVIA BANK, N.A., an entity of unknown form; BARCLAYS CAPITAL REAL ESTATE INC., dba HOMEQ SERVICING, a Delaware Corporation; COUNTRYWIDE HOME LOANS, INC., a New York Corporation; T.D. SERVICE COMPANY, an entity of unknown form; and DOES 1-10, inclusive, <br><br> Defendants. | CASE NO. 09cv0340-LAB (JMA) <br><br> **ORDER ON MOTION TO DISMISS** |

After twice dismissing the Plaintiffs' complaint without prejudice, to allow them to allege an ability to tender the proceeds of the loan at issue, the time has come to dismiss their complaint with prejudice.

The Court presumes that the parties are familiar with the facts and history of this case, and it will not repeat them here. Plaintiffs' Second Amended Complaint alleges a violation of TILA and seeks rescission and damages. As the Court previously held, "[a] survey of recent case law . . . confirms that, at a minimum, a claim for rescission of a loan

must be supported by the allegation that the borrower can tender the loan proceeds." (Doc. No. 37, p. 2 (citing *Ambriz v. Equifirst Corp.*, No. 09-cv-2387, 2010 WL 2754248 at *3 (S.D. Cal. July 9, 2010); *Cook v. Wells Fargo Bank*, No. 09-cv-2757, 2010 WL 2724270 at *3–4 (S.D. Cal. July 7, 2010); *Greetis v. Nat'l City Mortgage*, No. 09-cv-1502, 2010 WL 695536 at *5 (S.D. Cal. Feb. 24, 2010)*; Chen v. PMC Bancorp*, No. 09-cv-2704, 2010 WL 596421 at *4 (S.D. Cal. Feb. 16, 2010); *Quintero Family Trust v. OneWest Bank, F.S.B.*, No 09-cv-1561, 2010 WL 392312 at *4 (S.D. Cal. Jan. 27, 2010)).)

      The Plaintiffs now make the argument that they can satisfy TILA's tender requirement by offering their real property, as opposed to the loan proceeds. (TAC ¶ 22 ("On September 3, 2010, Plaintiffs mailed by First Class U.S. Mail, an offer to tender the Property in fully satisfaction [sic] of any tender obligation by way of quitclaim deed or trustee's sale."[1]) Another court has given thoughtful consideration to that argument and rejected it. *Curtis v. Option One Mortg. Corp.*, 2010 WL 2867428, at *4–5 (E.D. Cal. 2010) ("Plaintiff must return to Defendants the property she received. In this action, the property Plaintiff received is the loan proceeds and not the real property, or anything else, that secures the loan.") This Court rejects it, too. Other than the broad propositions that TILA should be liberally construed and strictly enforced, Plaintiffs offer no authority for their argument. Instead, they go the class warfare route:

> Such a narrow interpretation of TILA's rescission provision makes little sense in that it repeals the consumer protections of TILA rescission and allows creditors to violate the law with impunity unless the consumer is ultra rich with hundreds of thousands of dollars in cash available to give to the creditor. This interpretation punishes consumers who are not ultra rich and rewards creditors, by granting a safe harbor for violating federal law, as long as such violations are only against those without financial means to return the loan proceeds in cash.

(Opp'n Br. at 3–4.) Considering that the alleged violations in this case are that notices of a right to cancel provided to Plaintiffs as part of their loan documentation were not dated or misdated (by a day), and that Plaintiffs received one rather than the requisite two copies, the

---

[1] This offer presumably explains the fact that Plaintiffs have dropped their cause of action for quiet title in their Second Amended Complaint. (*See* FIC ¶¶ 38–41.)

1 | Court hardly sees the Plaintiffs as victims of an oppressive financial machine. This would be no reason, anyway, to read something into TILA and the case law that simply isn't there.

This time around, the Plaintiffs' failure to properly allege an ability to tender is fatal to their TILA claim for rescission — and, consequently, their claim for damages. The Court needn't address the Defendants' argument that the TILA claims are time-barred. The motion to dismiss is **GRANTED**, and Plaintiffs' Second Amended Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

DATED: April 3, 2011

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge